IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN BLAKENEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-0845 |
| WELLS FARGO BANK, N.A.; U.S. | § | |
| BANK, N.A., as Trustee; and | § | |
| BRICE, VANDER LINDEN & WERNICK, | § | |
| P.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Blakeney brought this action against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank, N.A. ("U.S. Bank"), and Brice, Vander Linden & Wernick, P.C. ("Brice") (collectively, "Defendants") in the 164th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-13214.   Wells Fargo and U.S. Bank timely removed to this court. Pending before the court are Brice's Motion to Dismiss, Motion for Judgment or in the Alternative, Motion for a More Definite Statement ("Brice's Motion to Dismiss") (Docket Entry No. 10) and Defendants Wells Fargo and U.S. Bank's Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Banks' Motion to Dismiss") (Docket Entry No. 14).   Also pending before the court is Blakeney's Response in Opposition to Defendants Wells Fargo and U.S. Bank's Motion to Dismiss and in the Alternative Plaintiff's Motion for

Leave to File Amended Complaint ("Response to Banks' Motion to Dismiss and Motion to Amend") (Docket Entry No. 15).   For the reasons explained below the Defendants' motions to dismiss will be granted and Blakeney's motion for leave to file an amended complaint will be denied.

## I.   **Background**

### A.   **Factual Allegations**

In August of 2006 Blakeney financed the purchase of a home with a mortgage that was eventually sold to U.S. Bank and serviced by Wells Fargo.[1]  Blakeney alleges that Wells Fargo participated in the federal government's Making Home Affordable Program ("MHA") and the Home Affordable Mortgage Program ("HAMP"), administered in accordance with the guidelines set out in the Handbook for Servicers of Non-GSE Mortgages (the "Handbook").[2]  After encountering financial difficulties Blakeney defaulted on his obligations in September of 2011.[3]  Blakeney alleges that Wells Fargo sent him a notice of default on December 1, 2011, informing him of several

---

[1]Plaintiff's Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Petition"), Ex. B2 to Defendants' Notice of Removal Under 28 U.S.C. § 1441 ("Notice of Removal"), Docket Entry No. 1-4, ¶ 9.

[2]Id.  ¶¶ 13-14.   HAMP is a loan-modification program established by the federal government pursuant to the authority provided in the Emergency Economic Stabilization Act of 2008.   12 U.S.C. §§ 5201, et seq.

[3]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶¶ 10-11.

-2-

default-curing options, including those described in HAMP and the Home Affordable Foreclosure Alternatives ("HAFA") program.[4] Blakeney further alleges that he submitted an application for modification under HAMP on November 29, 2011, and that Wells Fargo denied the application on January 3, 2012.[5]

Blakeney alleges that on January 10, 2012, he received a letter from Brice stating that the only cure for the default was to pay the total amount in arrears.[6] Blakeney alleges that he then sought consideration for a HAFA short sale or deed-in-lieu of foreclosure, but that Wells Fargo refused to consider him for those default-curing options.[7]

## B.  Causes of Action

On March 5, 2012, Blakeney filed suit in state court, bringing claims for breach of contract and violations of the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE §§ 392.001, et seq., and alleging the defenses of waiver and quasi-estoppel to acceleration

---

[4]Id. ¶¶ 11, 15.  HAFA is a sub-program of HAMP that offers the options of a short sale or a deed-in-lieu of foreclosure to homeowners who can no longer afford their mortgage payments. Nolasco v. CitiMortgage, Inc. 2012 WL 3648414, at *2, n.3 (S.D. Tex. Aug. 23, 2012) (citing Burr v. JPMorgan Chase Bank, N.A., 2012 WL 1059043, at *3 n.4 (S.D. Tex. Mar. 28, 2012)).

[5]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶ 19.

[6]Id. ¶ 20.

[7]Id. ¶ 23.

of the debt and sale of the home.[8]   Blakeney also sought a temporary restraining order to enjoin any foreclosure sale or eviction.[9]

### 1.   Breach of Contract

Blakeney's breach of contract claim alleges that upon default the deed of trust required Wells Fargo to provide (1) a notice of default listing the specific actions to be taken to cure the default and (2) at least thirty days to complete those specific actions.[10]   Blakeney alleges that while Wells Fargo did provide a list of default-curing options, including those under HAMP and HAFA, Wells Fargo breached the deed of trust by not allowing Blakeney to pursue a range of default-curing options under HAMP and HAFA.[11]

### 2.   TDCA

In support of the TDCA claim Blakeney alleges that Wells Fargo and Brice are "debt collectors" within the meaning of TEX. FIN. CODE § 392.001(6).   Blakeney alleges that Wells Fargo and Brice violated

---

[8]Id. ¶¶ 24-33.

[9]A temporary restraining order was entered in state court on March 5, 2012, enjoining any foreclosure sale or eviction. Plaintiff's Temporary Restraining Order and Order Setting a Hearing Temporary Injunction, Ex. B5 to Notice of Removal, Docket Entry No. 1-7.

[10]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶ 24.

[11]Id. ¶ 27.

-4-

§ 392.301(a)(8) of the Texas Finance Code, which prohibits a debt collector from threatening to take an action prohibited by law:

> 31.  As a participating servicer in the HAMP program, [Wells Fargo] violated Subsection (a)(8) when it threatened to take action to foreclose on the property without properly considering Mr. Blakeney under the HAFA or another alternative action to cure. Moreover, [Brice] violated the Act when it too threatened to move forward with the foreclosure and removal of Mr. Blakeney from his home *knowing that it legally could not do so* until [Wells Fargo] had certified that all non-foreclosure options had been exhausted per the requirements under the *Handbook*.
>
> 32.  Specifically, as a participant in the MHA program, a servicer is *prohibited* under Section 3.4.3 of Chapter II of the MHA Handbook from conducting a foreclosure sale until the servicer has issued a written certification to foreclosure counsel or the trustee, attesting that *all loss mitigation options have been considered and exhausted* for a potential HAMP-eligible borrower.  This certification must be provided no sooner than 7 business days prior to the scheduled foreclosure sale date or any extension thereof.  Neither [Wells Fargo] nor [Brice] have demonstrated that Wells Fargo issued a written certification to [Brice] or the trustee attesting that all loss mitigation options had been considered and exhausted.  As noted previously, [Wells Fargo] refused to consider Mr. Blakeney for a short sale prior to moving forward with the foreclosure, so they could not possibly have exhausted all foreclosure alternative options.  In the absence of this written certification to [Brice], neither [Wells Fargo] nor [Brice] should have threatened foreclosure or moved forward with foreclosure action.  Consequently, both [Wells Fargo] and [Brice] were in violation of the Texas Debt Collection Act.[12]

Blakeney also alleges that Wells Fargo and Brice violated the TDCA's prohibitions on misrepresenting the character, extent, or amount of a consumer debt, see TEX. FIN. CODE § 392.304(a)(8), and using false representations or deceptive means to collect a

[12]Id. ¶¶ 31-32.

consumer debt, see TEX. FIN. CODE § 392.304(a)(19), by including
"charges on reinstatement quotes for 'attorneys fees' and 'trustees
fees' that could not have been incurred because the foreclosure had
not taken place yet."[13]  In further support of this cause of action
Blakeney   alleges   that   Brice   "deceptively   stated   in   its
correspondence that the only way to cure the default was to pay the
arrears in full, which was completely untrue."[14]

    3.   Defenses to Acceleration and Sale

Blakeney alleges that the deed of trust "provides that the
borrowers may bring an action in court to assert any defense to
acceleration and sale."[15]  In alleging the defenses of waiver and
quasi-estoppel, Blakeney "plead[s] as though he were a defendant to
[Wells Fargo's] charge that a default and therefore, a breach of
contract of [Blakeney] existed."[16]  Blakeney alleges that Wells
Fargo "waived its right to proceed with foreclosure until it
properly  considered  [Blakeney]  for  each  of  the  available
foreclosure prevention and alternative options" when it "offered to
consider [Blakeney's] eligibility for a loan modification."[17]  As
to quasi-estoppel, Blakeney alleges that Wells Fargo chose to

---

[13]Id. ¶ 33.

[14]Id.

[15]Id. ¶ 34.

[16]Id.

[17]Id. ¶ 36.

participate in the foreclosure mitigation and avoidance programs, but "then decided to ignore the *Handbook* when it failed to consider Mr. Blakeney['s] requests for the available foreclosure relief options."[18] Blakeney further alleges that "it would be unconscionable to permit [Wells Fargo] to maintain this position to the disadvantage of [Blakeney]."[19]

## C. Procedural History

On March 20, 2012, Wells Fargo and U.S. Bank removed the action to this court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.[20] Blakeney filed a motion to remand on April 18, 2012.[21] The court denied the motion to remand on June 22, 2012.[22]

On June 20, 2012, Brice filed its pending motion to dismiss[23] and Blakeney responded on July 6, 2012.[24] Wells Fargo and U.S. Bank

---

[18]Id. ¶¶ 37-38.

[19]Id. ¶ 39.

[20]Notice of Removal, Docket Entry No. 1, ¶ 10.

[21]Plaintiff Brian Blakeney's Motion to Remand Cause of Action Based on Lack of Subject Matter Jurisdiction, Docket Entry No. 4.

[22]Hearing Minutes and Order, June 22, 2012, Docket Entry No. 11.

[23]Brice's Motion to Dismiss, Docket Entry No. 10.

[24]Plaintiff's Response in Opposition to Defendant Brice's Motion to Dismiss, Motion for Judgment and Motion for a More Definite Statement in the Alternative ("Response to Brice's Motion to Dismiss"), Docket Entry No. 13.

filed their pending motion to dismiss on July 12, 2012.[25]  Blakeney
filed a response as well as a motion for leave to file an amended
complaint on August 2, 2012.[26]  Wells Fargo and U.S. Bank replied
on August 3, 2012.[27]

## II.  **Motion to Amend**

In response to Wells Fargo and U.S. Bank's motion to dismiss,
Blakeney filed a brief in opposition and a motion for leave to
amend the complaint.[28]  A party may amend its pleading once as a
matter of course within twenty-one days of serving it or twenty-one
days after service of a motion under Rule 12(b), whichever is
earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases a party may
only amend its pleadings with the written consent of the opposing
party or with the court's leave.  Fed. R. Civ. P. 15(a)(2).  The
court should freely give leave to amend when justice so requires.
Id.  Because Blakeney has neither shown how an amended complaint
would be successful nor attached a proposed amended complaint, the
court concludes that Blakeney's motion for leave to amend should be

---

[25]Banks' Motion to Dismiss, Docket Entry No. 14.

[26]Response to Banks' Motion to Dismiss and Motion to Amend,
Docket Entry No. 15.

[27]Defendants' Reply to Plaintiff's Response in Opposition to
Defendants Wells Fargo and U.S. Bank's Motion to Dismiss and in the
Alternative Plaintiff's Motion for Leave to File Amended Complaint
("Banks' Reply"), Docket Entry No. 16.

[28]Response to Banks' Motion to Dismiss and Motion to Amend,
Docket Entry No. 15.

denied.   The court will therefore analyze the motions to dismiss with respect to Blakeney's original state court petition.

### III.   **Motions to Dismiss**

**A.    Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom</u> <u>Cloud v. United States</u>, 122 S. Ct. 2665 (2002).   The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   <u>Id.</u>

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.   The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

<u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002) (quoting <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974)).   To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct.
1937, 1949 (2009).   "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short
of the line between possibility and plausibility of entitlement to
relief.'"   <u>Id.</u> (quoting <u>Twombly</u>, 127 S. Ct. at 1966).   When
considering a motion to dismiss, district courts are "limited to
the complaint, any documents attached to the complaint, and any
documents attached to the motion to dismiss that are central to the
claim and referenced by the complaint." <u>Lone Star Fund V (U.S.),</u>
<u>L.P. v. Barclays Bank PLC</u>, 594 F.3d 383, 387 (5th Cir. 2010)
(citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99
(5th Cir. 2000)).

## B.   Breach of Contract

Blakeney alleges that Wells Fargo breached the deed of trust
by not allowing him to pursue the range of default-curing options
under HAMP and HAFA.[29]   Wells Fargo and U.S. Bank argue that these
claims should be dismissed under Rule 12(b)(6) because Wells Fargo
was under no legal obligation to review Blakeney for financial
assistance under HAMP, HAFA, or any other program prior to
accelerating the loan and pursuing foreclosure.[30]

---

[29]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4,
¶ 27.

[30]Banks' Motion to Dismiss, Docket Entry No. 14, ¶ 3.

-10-

To prevail on a breach of contract claim the plaintiff must allege that (1) a valid contract exists; (2) plaintiff fully performed his obligations; (3) defendant breached the contract; and (4) plaintiff was damaged as a result of the breach.  Hovorka v. Community Health Sys., Inc., 262 S.W.3d 503, 508-09 (Tex. App. -- El Paso 2008, no pet.).   At a minimum Blakeney is unable to establish that Wells Fargo breached the deed of trust.

The relevant provision of the deed of trust provides:

> 22.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. . . .[31]

The deed of trust does not require Wells Fargo to allow Blakeney to pursue default curing options under HAMP or HAFA.  Therefore, the alleged breach could not have occurred because no contractual

---

[31]Deed of Trust, Ex. 2 to Banks' Motion to Dismiss, Docket Entry No. 14-3, ¶ 22 (referred to in Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶ 24).

obligation to offer default-curing options under HAMP or HAFA existed.

Nor can Blakeney prevail on a breach of contract claim based on an alleged violation of HAMP or HAFA. Blakeney is not a third-party beneficiary to the HAMP and HAFA agreements between Wells Fargo and the federal government and therefore may not assert a breach of contract claim based on those agreements. See Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *4 (S.D. Tex. June 20, 2011) ("Asserting rights as a third party amounts to asserting a private right of enforcement on a contract; absent clear contractual intent to confer third-party beneficiary rights, the [homeowner plaintiffs] do not have standing to bring an action for breach of contract under HAMP or Texas law."). Furthermore, as Blakeney recognizes,[32] there is no private cause of action for violations of the HAMP or HAFA guidelines. See Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) ("[N]o private right of action to enforce lender compliance exists under HAMP."); Akintunji v. Chase Home Fin. L.L.C., 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP.").

Blakeney argues, however, that his petition states a claim for which relief may be granted because Wells Fargo failed "to follow

---

[32]Response to Banks' Motion to Dismiss and Motion to Amend, Docket Entry No. 15, ¶ 7.

the 'applicable laws' of the State of Texas regarding providing notice of default" in the manner required by the deed of trust.[33] Blakeney argues that under TEX. PROP. CODE § 51.002(d) Wells Fargo was required to provide Blakeney at least twenty days to cure the default.[34] This argument is unavailing. First, Blakeney does not assert in the petition any allegations as to breach of contract that are based upon the Texas Property Code. Second, the deed of trust actually requires Wells Fargo to provide at least thirty days to cure the default. Blakeney does not allege that Wells Fargo moved forward with acceleration and foreclosure in less than thirty days. The court therefore concludes that, when viewing the allegations in the light most favorable to Blakeney, Blakeney has failed to allege "enough facts to state a claim to relief that is plausible on its face." See Twombly, 127 S. Ct. at 1974. This claim will therefore be dismissed.

## C.  Texas Finance Code

Blakeney asserts claims against Wells Fargo and Brice for violations of sections 392.301(a)(8) (threatening to take an action prohibited by law), 392.304(a)(8) (misrepresenting the character, extent, or amount of a consumer debt), and 392.304(a)(19) (using false representations or deceptive means to collect a consumer

---

[33] Id. ¶ 9.

[34] Id. ¶ 10.

-13-

debt) of the Texas Finance Code.[35]   The Defendants move to dismiss
these claims under Rule 12(b)(6).[36]   The court concludes that
Blakeney's claims under the Texas Finance Code should be dismissed.

### 1.   Section 392.301(a)(8)

Blakeney alleges that the Defendants violated § 392.301(a)(8)
by threatening to take action to foreclose on the home without
properly considering Blakeney for HAMP or HAFA  options to cure.[37]
Blakeney argues that the deed of trust required Wells Fargo to
consider Blakeney under HAMP and HAFA options and that therefore
any threat to foreclose without such consideration was a threat to
take an action prohibited by law.[38]   The Defendants argue that
Blakeney fails to state a claim under § 392.301(a)(8) because
foreclosure in this case was not an action prohibited by law.[39]   The
court agrees.

The court has already concluded that the deed of trust did not
obligate Wells Fargo to consider Blakeney for HAMP or HAFA options

---

[35]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4,
¶¶ 29-33.

[36]Brice's Motion to Dismiss, Docket Entry No. 10, ¶ 5; Banks'
Motion to Dismiss, Docket Entry No. 14, ¶ 4.

[37]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4,
¶ 31.

[38]Response to Brice's Motion to Dismiss, Docket Entry No. 13,
¶ 8; Response to Bank's Motion to Dismiss and Motion to Amend,
Docket Entry No. 15, ¶ 15.

[39]Brice's Motion to Dismiss, Docket Entry No. 10, ¶ 20; Banks'
Motion to Dismiss, Docket Entry No. 14, ¶ 20.

-14-

to cure.  Failure to consider HAMP or HAFA options therefore would not have rendered a foreclosure action illegal.  Furthermore, Blakeney does not argue that the guidelines concerning HAMP or HAFA in the Handbook constitute governing law such that a violation of the guidelines would be actionable under § 392.301(a)(8). Accordingly, the court concludes that Blakeney has not pleaded facts to allow the court "to draw the reasonable inference" that either Wells Fargo or Brice is liable under § 392.301(a)(8).  See Iqbal, 129 S. Ct. at 1949.

2.  Sections 392.304(a)(8) and 392.304(a)(19)

Blakeney alleges that Brice and Wells Fargo violated §§ 392.304(a)(8) and 392.304(a)(19) by including "charges on reinstatement quotes for 'attorneys fees' and 'trustees fees' that could not have been incurred because the foreclosure had not taken place yet."[40]  Blakeney also alleges that Brice "deceptively stated in its correspondence that the only way to cure the default was to pay the arrears in full, which was completely untrue."[41]  Wells Fargo and U.S. Bank argue that Blakeney's claims under §§ 392.304(a)(8) and 392.304(a)(19) should be dismissed because Blakeney "fails to identify the specific reinstatement quote(s) and/or the charges complained of (date, amount, etc.) and why they

_____

[40]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶ 33.

[41]Id.

-15-

were false.  This vague and generalized allegation is insufficient to avoid dismissal under Rule 12(b)(6)."[42]  Brice contends that Blakeney does not allege that Brice made a misrepresentation or employed a deceptive means.[43]

The court concludes that Blakeney's allegation regarding the attorney's fees and trustee's fees can be fairly read to mean that at least some of the charges on the reinstatement notice could not yet have been incurred.  Blakeney does not allege that under the deed of trust no attorney's fees and trustee's fees could be lawfully incurred prior to foreclosure.  In fact, the deed of trust specifically states that the lender "shall be entitled to collect all expenses incurred" in accelerating the debt, "including, but not limited to, reasonable attorneys' fees."[44]  This allegation therefore fails to state a claim for which relief may be granted.

The court also concludes that Blakeney's allegation regarding Brice's statement that "the only way to cure the default was to pay the arrears in full" fails to state a claim under either § 392.304(a)(8) or § 392.304(a)(19).  Because Wells Fargo was entitled to accelerate the debt and was not required to consider Blakeney for HAMP or HAFA options to cure, Blakeney has not alleged facts that, if true, would establish that this statement was either

---

[42]Banks' Motion to Dismiss, Docket Entry No. 14, ¶ 27.

[43]Brice's Motion to Dismiss, Docket Entry No. 10, ¶ 27.

[44]Deed of Trust, Ex. 2 to Banks' Motion to Dismiss, Docket Entry No. 14-3, ¶ 22.

a misrepresentation of a debt or a deceptive means to collect a debt as a matter of law. The court therefore concludes that Blakeney's claims under §§ 392.304(a)(8) and 392.304(a)(19) should be dismissed.

**D.   Defenses to Acceleration and Sale**

Blakeney alleges two defenses to acceleration and sale, waiver and quasi-estoppel, which Blakeney pleads "as though he were a defendant to [Wells Fargo's] charge that a default . . . existed."[45] None of the Defendants has brought a suit in court alleging a claim for relief. Because Blakeney's waiver and quasi-estoppel allegations are defenses to claims that the Defendants have not pled, they are not properly before the court and will therefore be dismissed.

**IV.   Conclusion and Order**

The court concludes that Blakeney has failed to state a claim for breach of contract, for violations of the Texas Finance Code, or for relief under the doctrines of waiver or quasi-estoppel. The court will therefore dismiss Blakeney's claims under Federal Rule of Civil Procedure 12(b)(6). The court further concludes that Blakeney should not be granted leave to amend the petition.

Accordingly, Brice's Motion to Dismiss, Motion for Judgment or in the Alternative, Motion For A More Definite Statement (Docket

---

[45]Petition, Ex. B2 to Notice of Removal, Docket Entry No. 1-4, ¶ 34.

Entry No. 10) is **GRANTED**; Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association's 12(b)(6) Motion to Dismiss (Docket Entry No. 14) is **GRANTED**; and Plaintiff Brian Blakeney's Motion for Leave to File Amended Complaint (Docket Entry No. 15) is **DENIED**.

      **SIGNED** at Houston, Texas, on this 21st day of December, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE